UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------------X
                                                                       :
  TEJINDRA KHATRI,                                                     :
                                                                       :
                                   Plaintiff,          :         25-CV-7167 (JMF)
                                                                       :
                    -v-                                :         ORDER APPROVING
                                                                       :              SETTLEMENT
  RYTEBOX, LLC et al,                                                 :
                                                                       :
                                   Defendants.         :
                                                                       :
----------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

The parties in this action, brought pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.* and Massachusetts state law, advised the Court that they had agreed to a settlement in principle. *See* ECF No. 32. By Order entered January 20, 2026, ECF No. 33, the Court directed the parties to submit a joint letter explaining the basis for the proposed settlement and why it should be approved, with reference to the factors set forth in *Wolinsky v. Scholastic, Inc.*, 900 F. Supp. 2d 332, 335-36 (S.D.N.Y. 2012).

The Court, having reviewed the parties' letter, dated February 20, 2026, finds that the settlement is fair and reasonable, given both the nature and scope of the Plaintiff's individual claim — including its value relative to the other claims at issue in this action — as well as the risks and expenses involved in additional litigation. *See Wolinsky*, 900 F. Supp. 2d at 335-36; *see also, e.g.*, *Colon v. Twenty W. Partners, Inc.*, No. 24-CV-1988 (GS), 2025 WL 448404, at *2 (S.D.N.Y. Feb. 10, 2025) ("The Court has little difficulty concluding that the settlement of the FLSA claims warrants approval, given counsel's representations regarding the minimal value of those claims and the substantial consideration Plaintiff will be receiving as part of the overall settlement."). Moreover, although the FLSA places "strict limits on an employee's ability to waive claims . . . for fear that employers would [otherwise] coerce employees into settlement and waiver," *Wolinsky*, 900 F.Supp. at 335 (internal quotation marks omitted), these concerns are not as relevant when the plaintiff no longer works for the defendant, as is the case here, *see, e.g.*, *Lopez v. Poko-St. Ann L.P.*, 176 F. Supp. 3d 340, 344 (S.D.N.Y. 2016) (fact that plaintiffs are "no longer employees of the defendants . . . reduc[es] the danger that the release was obtained through improper job-related pressure").

The settlement approval is subject to the following condition: Any modification of the settlement agreement must be approved by the Court, regardless of any provision in the agreement that purports to allow the parties alone to modify it.

In addition, Plaintiff seeks approval of $14,893.66 in attorneys' fees and costs. *See* ECF No. 38, at 1, 5-6. Although the proposed award of attorneys' fees is high relative to the size of the Plaintiff's claim and recovery, the Court sees no basis to reduce the fee where, as here, the settlement covers claims for which approval is not required, there are no opt-in plaintiffs, the case is not a collective action, and the attorneys' fee award is based on an agreement between Plaintiff and his attorneys. *See Picerni v. Bilingual Seit & Preschool Inc.*, 925 F. Supp. 2d 368, 377 n.3 (E.D.N.Y. 2013) ("Unless there is a basis to presume conflict and antagonism between the plaintiff and his attorney — i.e., that the plaintiff's attorney is receiving a larger fee at the expense of his client's wage claim . . . then the basis upon which the attorney's fee is determined should be of no interest to the court, just as it is of no interest in most other kinds of private litigation."). Additionally, courts in this Circuit typically approve attorneys' fees that range between 30% and 33%. *See Guzman v. Joesons Auto Parts*, No. 11-CV-4543 (ETB), 2013 WL 2898154, at *4 (E.D.N.Y. June 13, 2013) (collecting cases); *see also, e.g., Silverstein v. AllianceBernstein LP*, No. 09-CV-5904 (JPO), 2013 WL 6726910, at *9 (S.D.N.Y. Dec. 20, 2013); *Beckman v. KeyBank, N.A.*, 293 F.R.D. 467, 481 (S.D.N.Y. 2013). In line with that precedent, attorneys' fees in the amount of 33 1/3 % of the recovery is appropriate here.

Accordingly, the Court approves the settlement subject to the condition addressed above. The Court dismisses the case with prejudice. All pending motions are moot.

The Clerk of the Court is directed to close this case.

SO ORDERED.

Dated: February 25, 2026
New York, New York

_____
JESSE M. FURMAN
United States District Judge

2